UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERI GALOFARO-MENDEZ,
        Plaintiff,                    CIVIL ACTION NO. 12-11860

v.                          MAGISTRATE JUDGE MARK A. RANDON

COUNTY OF WAYNE, and
ROBERT A. FICANO,
        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 12)

**I.    INTRODUCTION**

This is a state contract action masquerading as a federal due process claim. Upon Plaintiff Sheri Galofaro-Mendez's ("Galofaro-Mendez") resignation from the County of Wayne ("the County"), she signed a separation agreement with the County and, in exchange, received a separation payment. A month later, Galofaro-Mendez decided to return the separation payment to the County; she has since had a change of heart and filed this lawsuit for return of the payment.

Defendants' Motion for Judgment on the Pleadings (Dkt. No. 12) is pending.[1] Galofaro-Mendez responded on October 18, 2012 (Dkt. No. 15), and Defendants filed a reply on November 1, 2012. (Dkt. No. 18).[2] Oral argument was heard on November 15, 2012.

---

[1] Defendants' motion also includes a request for a stay of discovery until all immunity issues are resolved. Because this Order dismisses Galofaro-Mendez's federal claims and relinquishes jurisdiction to state court, the Court **DENIES** this request as moot.

[2] On November 2, 2012, Galofaro-Mendez filed a Motion for Leave to File Sur-Reply. (Dkt. No. 19). The Court **GRANTS** that motion and **ACCEPTS** her sur-reply. The sur-reply argues that the Court should deny Defendants' motion because they withdrew their affirmative defense that Galofaro-Mendez failed to state a claim

- 1 -

For the reasons indicated below, Defendants' motion is **GRANTED**. Galofaro-Mendez's due process claims are **DISMISSED WITH PREJUDICE**, and her state law claims are **DISMISSED WITHOUT PREJUDICE** to her re-filing them in state court.[3]

## II.     BACKGROUND AND PROCEDURAL HISTORY

Galofaro-Mendez worked for the County for approximately 11 years. (Dkt. No. 1; Ex. 4, First Amended Complaint at ¶5). Turkia Mullin ("Mullin") was also a County employee. In 2009, Mullin became the County's Director of Economic Development and Land Bank; Galofaro-Mendez was Mullin's Executive Assistant and Department Manager. (*Id.* at ¶¶ 6, 7).

In August 2011, Mullin resigned from the County to become Chief Executive Officer of the Wayne County Airport Authority. Mullin asked Galofaro-Mendez to join her at the Airport Authority as her Administrative Manager. (*Id.* at ¶8). When Mullin resigned, the County paid her $200,000 in separation pay. (*Id.* at ¶13). Galofaro-Mendez resigned from the County to join Mullin at the Airport Authority on September 2, 2011, and the County paid her $24,538.47 in separation pay, pursuant to a separation agreement. (*Id.* at ¶¶ 9-12).

Galofaro-Mendez alleges that as a result of the media attention and public scrutiny surrounding Mullin's $200,000 payment, the County Executive, Robert A. Ficano ("Ficano"), demanded that Galofaro-Mendez return her separation pay to the County. (*Id.* at ¶14). Galofaro-Mendez claims that "Mullin [advised her] that . . . FICANO was demanding that [Galofaro-

---

upon which relief may be granted. According to Galofaro-Mendez, she proceeded with this litigation based on a representation that Defendants no longer intended to pursue this affirmative defense. The Court, however, finds Defendants' motion was filed "early enough not to delay trial" as required by Fed. R. Civ. P. 12(c).

[3]On October 5, 2012, Galofaro-Mendez filed a Motion to Compel Discovery and for Sanctions. (Dkt. No. 13). This motion is **DENIED** for the reasons stated in footnote 1, above.

Mendez] return the separation pay to Wayne County." (*Id.* at ¶15).[4] Galofaro-Mendez returned her separation pay to the County on October 3, 2011. (*Id.* at ¶¶ 15-16). According to Galofaro-Mendez, after she returned her separation pay, Wayne County Assistant CEO Alan Helmkamp "informed the Wayne County Commissioners that Defendant FICANO had 'demanded that money be paid back' and also said that the 'demand [for the separation payment] was made and that money will be coming back.'" (*Id.* at ¶17).

It was not until April 5, 2012 – after being fired from the Airport Authority – that Galofaro-Mendez filed a four-count Amended Complaint in state court against the County and Ficano, seeking return of her separation pay.[5] Her claims against the County include breach of contract (Count I) and violation of her due process rights (Count IV). (*Id.* at ¶¶ 18-25 and 43-49). Her claims against Ficano include tortious interference with contract (Count II) and violation of her due process rights (Count III). (*Id.* at ¶¶ 26-42). The case was removed to this Court on April 25, 2012. (Dkt. No. 1). On June 7, 2012, the parties consented to have this Magistrate Judge "conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings." (Dkt. No. 8).

### III.  STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." A Rule 12(c) motion is similar to a motion under Rule 56(c) in that it can only be granted when no material issue of fact exists

---

[4] Mullin had already returned her $200,000 separation payment.

[5] Galofaro-Mendez's initial Complaint was filed on March 5, 2012 and only raised state-law causes of action.

and the moving party is entitled to judgment as a matter of law.  *Rahman El v. First Franklin Fin. Corp.*, 2009 WL 3876506 at *4 (E.D. Mich. Nov. 17, 2009) (citing *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)).  A motion under Rule 12(c) is also similar to a motion under Rule 12(b)(6) in that the outcome turns exclusively on the pleadings.  *Rahman El*, 2009 WL 3876506 at *4 (citing *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008); *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)).

"For a Rule 12(c) motion, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true and the motion may be granted only [if] the moving party is nevertheless clearly entitled to judgment."  *Rahman El*, 2009 WL 3876506 at *4 (citing *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)).  The Court does not accept as true legal conclusions or unwarranted factual inferences.  *Rahman El*, 2009 WL 3876506 at *4 (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)).  "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Rahman El*, 2009 WL 3876506 at *4 (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)).

IV.     ANALYSIS

    A.     **Due Process Claim**

Galofaro-Mendez alleges Ficano violated her procedural due process[6] rights when he demanded that she return her separation pay. She also alleges that the County has a custom, policy, and/or practice that violates the Fourteenth Amendment.[7]

> To establish a procedural due process claim pursuant to § 1983, [Galofaro-Mendez] must establish three elements: (1) that [she has] a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (2) that [she was] deprived of this protected interest within the meaning of the Due Process Clause; and (3) that the state did not afford [her] adequate procedural rights prior to depriving [her] of [her] protected interest.

*Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (citations omitted). Assuming Galofaro-Mendez had a constitutionally-protected property interest in her severance pay, *Ficano* did not deprive her of this protected interest.

Galofaro-Mendez argues that Ficano: (1) demanded that she return her severance pay; (2) appoints four board members to the Airport Authority; and (3) could exert pressure to have her fired from the Airport Authority. Nonetheless, there is no question that Galofaro-Mendez received her severance pay, and that she voluntarily returned her severance pay to Wayne County.[8] Indeed, Galofaro-Mendez does not allege that Ficano – or any representative of the

---

[6] Galofaro-Mendez's Amended Complaint alleges a substantive due process claim as well. However, at oral argument, she conceded she does not have a substantive due process claim. In addition, she only addresses the procedural due process claim in her Response. (Dkt. No. 15).

[7] The Court need not decide whether Galofaro-Mendez's Amended Complaint sufficiently alleges that the County has a custom, policy, and/or practice that violates the Fourteenth Amendment, because the Court finds no violation of Galofaro-Mendez's due process rights.

[8] Once Galofaro-Mendez voluntarily returned her severance pay, she relinquished any protected property interest she may have had in her severance pay.

County – ever contacted her *directly* regarding the return of her severance pay.  Instead, she alleges that Mullin – then working for the Airport Authority – told her that Ficano demanded return of the severance pay.  (*Id.* at ¶15).  Furthermore, the only statement that Galofaro-Mendez alleges a County official made, which arguably concerned the return of her severance pay occurred *after* she already returned the money.  These allegations are simply not enough to state a due process claim against Defendants.

Even if Ficano did directly demand repayment from Galofaro-Mendez, at best, she only states a garden variety breach of contract claim that does not rise to the level of a constitutional deprivation.[9]  *Blase v. City of Neosho*, 2011 WL 4916602 at *2 (W.D. Mo. Oct. 17, 2011) (quoting *Dover Elevator Co. v. Arkansas State University*, 64 F.3d 442, 446 (8th Cir. 1995) ("the assertion that any time one has an enforceable contract to which the State is a party, there is a constitutionally protected property interest under that contract . . . is inconsistent with the concept of the Fourteenth Amendment [*citation omitted*]")); *see also Farkas v. Ross-Lee*, 727 F.Supp. 1098, 1106-1107 (W.D. Mich. 1989) ("[t]here is not a violation of due process every time a . . . government agency violates its own rules.  Such action may constitute a breach of contract or violation of state law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation") (citations omitted).  In sum:

> every court of appeals that has directly confronted the issue has concluded that although state contract law can give rise to a property interest protectible by procedural due process, not every interest held by virtue of a contract implicates such process.  Many . . . courts have observed that if every breach of contract by someone acting under color of state law constituted a deprivation of property for procedural due process purposes, the federal courts would be called upon to pass

---

[9] As explained in the following section on supplemental jurisdiction, whether Galofaro-Mendez has a valid breach of contract claim is a question for the state court.

> judgment on the procedural fairness of the processing of a myriad of contractual claims against public entities.  We agree that such a wholesale federalization of state public contract law seems far afield from the great purposes of the due process clause.

*Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1398 (3rd Cir. 1991) (citation omitted); *see also Pence v. Mayor of Bernards Township*, 2010 WL 2925901 at *3 (D.N.J. July 21, 2010).  Galofaro-Mendez's due process claim must be dismissed.

### B. Supplemental Jurisdiction

"The United States Code provides, '[t]he district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction.'"  *Sexton v. Panel Processing, Inc.*, 2012 WL 5353605 at *16 (E.D. Mich. Oct. 30, 2012).  Indeed, if the federal claims are dismissed, the state claims should be dismissed as well.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

To avoid needless decisions of state law, and because Galofaro-Mendez's purported state-law breach of contract claim is the predominate issue, the Court leaves resolution of the state-law claims to the state courts.  *See id.*

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion is **GRANTED**.  Galofaro-Mendez's due process claims are **DISMISSED WITH PREJUDICE**, and her state law claims are **DISMISSED WITHOUT PREJUDICE** to her re-filing them in state court.

**IT IS ORDERED**.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated: November 27, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, November 27, 2012, by electronic and/or first class U.S. mail.*

> *s/Melody R. Miles*
> *Case Manager to Magistrate Judge Mark A. Randon*
> *(313) 234-5542*